IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PARTNERS & FRIENDS HOLDING CO.,

     Plaintiff,

v.                                                                    3:22-CV-2502-Z-BR

COTTONWOOD MINERALS, LLC, and
LONGBOAT ENERGY, LLC,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Appellate Attorneys' Fees and Expenses ("Motion") (ECF No. 32), filed January 31, 2024. For the reasons set forth below, it is **GRANTED IN PART**. Plaintiff is therefore **ORDERED** to pay Defendants' **$102,201.00** in appellate fees.

### BACKGROUND

This litigation is at its end. Plaintiff, relying on a Joint Participation and Farmout Agreement, asserted breach-of-contract and fraud claims against Cottonwood Materials, L.L.C., and a money-had-and-received claim against Longboat Energy, L.L.C. This Court dismissed those claims under Rule 12(b)(6). *See generally* ECF No. 19. Plaintiff then appealed to the Fifth Circuit, which affirmed. ECF Nos. 30–31. In the meantime, this Court granted Defendants their attorneys' fees for the District Court action. ECF No. 27.

The only remaining issue before the Court is not whether, but instead how much, to award Defendants for successfully defending on appeal. Plaintiff concedes that it owes at least $83,217.50, *see* ECF No. 33 at 10, while Defendants seek as much as $104,429.50 in fees and expenses, ECF No. 34 at 6. The parties dispute select 2023 billing entries discussed *infra*.

## LEGAL STANDARD

The matter of Defendants' appellate fees ripened when the Fifth Circuit resolved Plaintiff's appeal. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003). The Court now looks to Texas state law for guidance on the award and reasonableness of fees. *ATOM Instrument Corp. v. Petroleum Analyzer Co., L.P.*, 969 F.3d 210, 216 (5th Cir. 2020), *as revised* (Sept. 17, 2020). And under Texas law, "if a party is entitled to recover attorneys' fees in the trial court, the party is also entitled to attorneys' fees after successfully defending on appeal." *Id.* at 218.

Texas law measures the reasonableness and necessity of these fees under the "lodestar method." *Rohrmoos Venture v. UTSW DVA Healthcare*, 578 S.W.3d 469, 490 (Tex. 2019). "First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). Second, the Court may adjust the lodestar, *id.*, but Defendants seek no adjustment here.

Under the first step, the prevailing party — here, Defendants — must supply sufficient evidence of the reasonable hours worked and the reasonable hourly rate. *Rohrmoos*, 578 S.W.3d at 498. Sufficient evidence includes: the particular services performed; who performed those services; approximately when the services were performed; the reasonable amount of time required to perform the services; the reasonable hourly rate for each person performing the services; the nature of the work; who performed the services and their rate; approximately when the services were performed; and the number of hours worked. *See id.* (identifying minimum requirements); *see also El Apple*, 370 S.W.3d at 763 (requiring proof of "the basic facts underlying the lodestar").

2

**ANALYSIS**

Defendants request $104,429.50 in appellate fees billed from February through December 2023. ECF No. 34 at 6; *see* ECF No. 32-1 at 7–29 (recording fees). Plaintiff contests only fourteen entries, ECF No. 33 at 6–10, and Defendants concede that three of these should be removed, ECF No. 34 at 3, 4, 5. The Court will evaluate each remaining contested entry in turn.

## I. Kenneth Johnston's Entries

Attorney Kenneth Johnston billed 2.1 hours on November 3, 2023 ($1,249.50) ("Plan and prepare for oral argument") and 14.5 hours on December 6–7, 2023 ($8,627.50) ("Plan and prepare for argument; travel to New Orleans; continue preparing for argument"; and "[p]repare for argument; attend argument; debrief with Ms. Gaither; confer with opposing counsel; return to Dallas"). ECF No. 32-1 at 23, 25. He also requests $974.43 in travel expenses related to oral argument. *Id.* at 29. His standard hourly rate is $750, "but due to the age of the agreement with the firm's client, [he] charged $595 in this matter." *Id.* at 1. Plaintiff argues these fees are unreasonable because Johnston did not participate in oral argument. ECF No. 33 at 6–7.

Johnston's attendance at oral argument, however, comprised merely a part of these entries, which otherwise constitute sufficient evidence of reasonable hours. Specifically, given the demands and stakes of oral argument, it is common for multiple attorneys to prepare when only one appears before the court. And in this context it cannot be said that even Johnston's attendance is unreasonable, duplicative, or redundant, because his insight and observation would be valuable to his colleague and client. Johnston's billing entries and expenses are thus recoverable.

## II. Jim Bullock's Entries

Attorney Jim Bullock billed 0.7 hours on February 8, 2023 ($367.50) ("Work on an outline of [redacted] for [redacted] consideration") and 3.4 hours on December 6, 2023 ($1,785.00)

3

("Work on [redacted] appellate activity (analyze briefing and applicable law vis-à-vis applicable facts)"). ECF No. 32-1 at 7, 25. His standard rate is $550 per hour, "but due to the age of the agreement with the firm's client, [he] charged $525 in this matter." *Id.* at 2.

Bullock's February 8, 2023 entry is unrecoverable because these redactions "effectively render the billing entries unintelligible." *Villareal v. Saenz*, No. 5-20-CV-00571-OLG, 2022 WL 19572593, at *4 (W.D. Tex. Nov. 30, 2022), *report and recommendation adopted sub. nom. Villareal v. Saenz*, No. SA-20-CV-571-OLG, 2023 WL 3069399, (W.D. Tex. Jan. 11, 2023). But Bullock's December 6, 2023 entry does not suffer from these same deficiencies because he spent this time on clearly delineated legal tasks. ECF No. 32-1 at 25.

### III.    Catherine Gaither's Entry

Attorney Catherine Gaither billed 3.4 hours on November 13, 2023 ($1,581.00) ("Attention to upcoming deadlines for motion practice"). ECF No. 32-1 at 23. Her standard rate is $550 per hour, "but due to the age of the agreement with the firm's client, [she] charged $465 in this matter." *Id.* at 2. Defendants failed to demonstrate that such fees for purely clerical tasks are either reasonable or necessary, making them unrecoverable. *See El Apple*, 370 S.W.3d at 763 (requiring courts to consider the nature of the work when determining the reasonableness of fees).

### IV.    Mary T. Mendoza's Entries

Paralegal Mary T. Mendoza billed 0.8 hours on March 4, 2023 ($224.00) ("Analyze issues regarding reply in support of motion"), 0.7 hours on March 7, 2023 ($196.00) ("Analyze issues regarding notice from court of appeals to P&F, calendar deadlines for USCA"), and 0.3 hours on March 22, 2023 ($84.00) ("Review correspondence from Fifth Circuit regarding mediation; analyze issues and calendar the pre-mediation conference"). ECF No. 32-1 at 9–10. Her standard rate is $280 per hour. *Id.* at 3.

Only Mendoza's March 4, 2023 entry is recoverable. Her March 7 and 22 entries are block-billed with purely clerical tasks, *e.g.*, calendaring deadlines, meaning this Court cannot adequately identify the reasonable rate for each particular service performed. *Rohrmoos*, 578 S.W.3d at 498.

## V.     Kenna Lemon's Entries

Paralegal Kenna Lemon billed 2.6 hours on November 9, 2023 ($728.00) ("Work on bench books with relevant pleadings from both the district court case and appellate matter in preparation of oral argument; consider response to amended reply brief") and 0.5 hours on November 28, 2023 ($140.00) ("Prepare working set of pending briefing for mock argument of pending appeal"). ECF No. 32-1 at 22–23. Her standard rate is $300 per hour, "but due to the age of the agreement with the firm's client, [she] charged $280 in this matter." *Id.* at 3.

Plaintiff complains that these entries "relate at least in part to the purely clerical task of preparing binders, and accordingly, is not recoverable." ECF No. 33 at 9. This criticism, however, understates the legal value of Lemon's work. While calendaring deadlines might be purely clerical in nature, the same cannot be said for reviewing, preparing, and organizing legal materials for briefing and oral argument. The foregoing is therefore recoverable.

### CONCLUSION

Defendants' Motion is **GRANTED IN PART**. After subtracting those unrecoverable fees discussed *supra*, Plaintiff is **ORDERED** to pay Defendants' **$102,201.00** in appellate fees.

**SO ORDERED**.

April **3**, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5